USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:______
DATE FILED:_ 10/21/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
**Westchester County Fair Housing Board,**

Plaintiff(s),

-against-

**Half Moon Bay Homeowner's Association, Inc. Board of Directors, et al**

Defendant(s).
----------------------------------------------------------------X

***7: 26-cv-2926 PMH***

**ORDER RE SETTLEMENT CONFERENCE PROCEDURES**

**VICTORIA REZNIK, United States Magistrate Judge:**

This matter is scheduled for a remote settlement conference on the Teams videoconferencing platform before Magistrate Judge Victoria Reznik on **December 8, 2026 at 2:30 pm**. Counsel will be provided with the Teams links by email before the conference. The following procedures shall apply.

1. **Confidentiality.** All settlement conferences are "off the record" and strictly confidential. All communications relating to settlement may not be used in discovery and will not be admissible at trial.

2. ***Ex parte* letter submissions.** No later than five (5) business days before the conference (**December 1, 2026),** counsel for each party must send the Court by e-mail an *ex parte* letter, marked "Confidential Material for Use Only at Settlement Conference," which should not be served on the other parties or filed on ECF. The letter should be sent by e-mail to ReznikNYSDChambers@nysd.uscourts.gov. These submissions are ***required*** and failure to submit them may result in cancellation or rescheduling of the settlement conference. **The letter should also include the names of all parties attending the conference, both counsel and clients. (see *Para. 4)***

The *ex parte* letter must not exceed ten (10) pages in length (not including exhibits) unless permission to do so has been granted by the Court. The letter should include, at a minimum, the following: (1) the history of settlement negotiations, if any, including any prior

offers or demands; (2) the key issues of fact and/or law in the case; (3) the party's evaluation of the settlement value of the case and the rationale for it; (4) any case law authority in support of the party's settlement position; and (5) any other facts that would be helpful to the Court in preparation for the conference. If a letter is accompanied by attachments exceeding ten (10) pages in length, the submitting party shall hand deliver a hard copy of the letter plus attachments to the Court. Any exhibits submitted electronically (i.e., audio and video files) must be uploaded to the Court's file sharing account. Chambers cannot download audio and video files attached to emails. Contact Chambers to obtain the file share link and password.

3. **Exchange of Demand/Offer.** If the plaintiff has not already made a settlement demand, such a demand must be communicated to the opposing party **no later than 14 days before the conference (November 24, 2026)**. If it has not already done so, the opposing party shall respond to any demand **no later than 7 days thereafter (December 1, 2026)**. The parties should not wait for the settlement conference to start negotiations of a resolution of their dispute.

4. **Attendance.** It is the Court's standard practice to require parties – and not just counsel – to attend settlement conferences. A person with ultimate settlement authority on behalf of each party must attend the settlement conference or otherwise be available by phone to approve any proposed settlement. Any party who fails to comply with the attendance requirements may be required to reimburse all other parties for their time and travel expenses, if any, and may face other sanctions.

**SO ORDERED.**

DATED: White Plains, New York
October 21, 2026

Victoria Reznik

VICTORIA REZNIK
United States Magistrate Judge